**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Darrell L. Goss, Sr.,** | ) | **Civil Case No. 2:21-cv-00084-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **D. Jackson, South Carolina Department** | ) | |
| **of Corrections,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This action has been filed by Plaintiff, *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983, alleging constitutional claims against Defendant D. Jackson, and a state law claim for negligence/gross negligence against Defendant South Carolina Department of Corrections ("SCDC"). This matter is before the Court on Defendant SCDC's Motion for Summary Judgment.[1] (Dkt. No. 37.) Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the Motion and submit a recommendation to the District Judge. For the reasons set forth below, the undersigned recommends Defendants' Motion for Summary Judgment (Dkt. No. 37) be granted.

## DISCUSSION

Plaintiff alleges Defendant D. Jackson sexually assaulted and harassed Plaintiff on various occasions in April of 2018. (Dkt. No. 1 at 6–8.) Plaintiff alleges Defendant Jackson's conduct violated his right to privacy under the Fourth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id*.) Plaintiff also alleges Defendant SCDC

---

[1] Defendant D. Jackson has not sought summary judgment in this case, and the deadline to do so has passed.

was negligent/grossly negligent under the South Carolina Tort Claims Act based on Defendant Jackson's conduct. (*Id*. at 8–9.)

On September 20, 2021, Defendant SCDC filed a Motion for Summary Judgment. (Dkt. No. 37.) SCDC argues it is entitled to summary judgment because, *inter alia*, Plaintiff's state law claims against it are barred by the applicable two-year statute of limitations under the South Carolina Tort Claims Act. (Dkt. No. 37-1 at 3.) *See* S.C. Code Ann. § 15-78-110. The conduct at issue in Plaintiff's claims occurred in April of 2018, and Plaintiff filed this action on January 8, 2021. In his response brief, Plaintiff "concedes to SCDC's argument regarding his state law claims." (Dkt. No. 42 at 2.) Because Plaintiff concedes to the dismissal of his claims against SCDC, the undersigned recommends granting summary judgment here.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that Defendant SCDC's Motion for Summary Judgment (Dkt. No. 37) be GRANTED and SCDC be dismissed from this action.

IT IS SO RECOMMENDED.

October 7, 2021

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).