**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Darrell L. Gross, Sr.,                )<br>                                                    )<br>             Plaintiff,              )<br>                                                    )<br>     v.                                       )<br>                                                    )<br>D. Jackson and South Carolina Department   )<br>of Corrections,                         )<br>                                                    )<br>             Defendants.          )<br>_____ ) | Civil Action No. 2:21-0084-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the motion for summary judgment by Defendant South Carolina Department of Corrections ("SCDC") be granted. (Dkt. No. 44.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants SCDC's motion for summary judgment.

**I.     Background**

Plaintiff is an inmate proceeding *pro se* to bring claims against Corporal D. Jackson and SCDC. As to Defendant Jackson, Plaintiff alleges that, on April 24, 2018 in the McCormick Correctional Institution's Restrictive Housing Unit, Jackson violated Plaintiff's Fourth Amendment right to privacy by watching Plaintiff shower, violated his Eighth Amendment right against cruel and unusual punishment by groping Plaintiff's penis while putting a belly chain restraint around Plaintiff's torso, and violated his Eight Amendment right by forcing Plaintiff to masturbate in front of him in exchange for an extra dinner food tray. As to Defendant SCDC, Plaintiff alleges that it was "negligent, and gross negligent, in violation of the South Carolina Tort Claims Act, when its employee, Defendant, Corporal D. Jackson, sexually harassed and sexually assaulted Plaintiff Gross in the manner described" and "intentionally or recklessly inflicted severe emotional distress upon Plaintiff . . . in violation of the South Carolina Tort

Claims Act, when its employee, Defendant Corporal D. Jackson, sexually harassed and sexually assaulted Plaintiff Gross in the manner described[.]" (Dkt. No. 1 at 8-9.)

## II.    Legal Standard

### A.    Review of R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.   Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.    Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  "Conclusory or speculative allegations do not suffice, nor does a

'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

SCDC moves for summary judgment on the basis that Plaintiff's claims for negligence and gross negligence are barred by the statute of limitations. The claims are brought pursuant to the South Carolina Tort Claims Act (SCTCA) S.C. Code Ann. § 15-78-10, *et seq.* The SCTCA "constitutes the exclusive remedy for any tort committed by an employee of a governmental entity." *Id*. § 15-78-70(a). The SCTCA provides that a claim must be brought within two yeas of the date of the loss or when it should have been discovered. *Id*. § 15-78-110. The incidents giving rise to Plaintiff's claim occurred in April 2018 and Plaintiff filed his complaint in January 2021. SCDC also argues that any claim for intentional infliction of emotional distress is also barred because the SCTCA defines an actionable "loss" to exclude "the intentional infliction of emotional harm." *Id*. § 15-78-30(f). (Dkt. No. 37.)

In his response, "Plaintiff concedes to SCDC's argument regarding his state law claims." (Dkt. No. 42 at 2.) The Magistrate therefore recommends that SCDC's motion be granted. Plaintiff filed no objection to that recommendation.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 44) as the order of the Court. Defendant SCDC's motion for summary judgment (Dkt. No. 37) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 27, 2021
Charleston, South Carolina