# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, Sr., ) | Civil Action No. 2:21-0084-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| D. Jackson, ) | |
| Defendant. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Plaintiff's motion for summary judgment be denied. (Dkt. No. 55.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Plaintiff's motion for summary judgment.

## I.     Background

Plaintiff is an inmate proceeding *pro se* to bring claims against Corporal D. Jackson and the South Carolina Department of Correction ("SCDC"). The Court previously granted SCDC's motion for summary judgment, thereby dismissing all claims against it. (Dkt. No. 49.) As to the sole remaining defendant, Jackson, Plaintiff alleges that on April 24, 2018 in the McCormick Correctional Institution's Restrictive Housing Unit, Jackson violated Plaintiff's Fourth Amendment right to privacy by watching Plaintiff shower, violated his Eighth Amendment right against cruel and unusual punishment by groping Plaintiff's penis while putting a belly chain restraint around Plaintiff's torso, and violated his Eight Amendment right by forcing Plaintiff to masturbate in front of him in exchange for an extra dinner food tray. (Dkt. No. 1 at 8-9.)

## II.     Legal Standard

### A.     Review of R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.     Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac*

*Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.     Discussion

In his motion for summary judgment, Plaintiff asserts that his prison grievance forms and incident reports evidencing his complaints against Jackson demonstrate that Jackson violated his civil rights pursuant to § 1983.  The record contains a June 4, 2018 request to staff member in which Plaintiff stated, "Dear Capl. Jackson: Please allow this to serve as an admission to false allegations of sexual assault that I reported against you on or about April 29, 2018. Those allegations were not true. I apologize and I ask that you forgive me." Delivery of this letter to Jackson is reflected in Jackson's June 4, 2018 incident report. (Dkt. No. 42-1 at 25-26.)   In response, Jackson contends there remain material questions of fact in dispute. For instance, the record contains an affidavit from Jackson denying Plaintiff's version of events as to each alleged incident of sexual assault. (Dkt. No. 47-1.)   Jackson also contends that he was not aware of Plaintiff's letter until it was given to him and, therefore, that he did not encourage Plaintiff to write it to avoid retaliation.

The Magistrate Judge recommends that the Court deny Plaintiff's motion, to which Plaintiff filed no objection. Having carefully considered the Magistrate Judge's recommendation, the Court finds no clear error.  The record clearly contains dispute of material fact that prohibit Plaintiff's claim from being resolved as a matter of law at this stage in the proceedings.  For that reason, the Court adopts the Magistrate Judge's recommendation to deny Plaintiff's motion for summary judgment as to Jackson.

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 55) and **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 42).

-4-

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 23, 2021
Charleston, South Carolina