**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Darrell L. Goss

               Plaintiff,

      v.

D. Jackson,

              Defendant.

Case No. 2:21-cv-84-RMG

**ORDER AND OPINION**

Before the Court is Plaintiff's motion to depose two inmates, Nathanial Simmons and Dashon Pitts. (Dkt. No. 80). Plaintiff's motion also included defense counsel's request to depose Plaintiff, who is also an inmate. (*Id.*) For the reasons set forth below, the motion is granted.

Plaintiff alleges Defendant, a former correctional officer, sexually assaulted and harassed Plaintiff on various occasions in April 2018 at McCormick Correctional Institution. (Dkt. No. 1 at 6-8). Plaintiff now seeks to depose Mr. Simmons, who is alleged to be an eyewitness to certain complaint allegations of sexual harassment by Defendant, and Mr. Pitts, who has made complaints against Defendant similar in nature to the allegations in this case. (Dkt. No. 80 at 1). Defendant also seeks to depose Plaintiff. (*Id.*).

Rule 30 of the Federal Rules of Civil Procedure provides that a party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). For this, the court considers "the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

1

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 26(b)(2) then limits this broad scope of discovery, providing that "the court must limit the frequency or extent of discovery [ ] if it determines that: the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "Courts have broad discretion in [their] resolution of discovery problems arising in cases before" them. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003).

The Court finds that the information sought from Simmons, Pitts, and Plaintiff as sufficiently relevant to prosecuting and defending the claims in this case and, therefore, is within the scope of Rule 26(b)(1). As a result, the standard imposed by Rule 30(a) is satisfied and the motion is **GRANTED**.

 s/             
Richard Mark Gergel
United States District Judge

June 22, 2023
Charleston, South Carolina

2